(No. 11854.—Reversed and remanded.)

WALTER G. OAKMAN et al. Appellants, vs. LEN SMALL,
State Treasurer, et al. Appellees.

Opinion filed February 20, 1918.

1. JURISDICTION—judgment of court having jurisdiction cannot
be collaterally attacked. If a court has jurisdiction of the subject
matter, its judgment, although erroneous, cannot be collaterally at-
tacked and can only be set aside by a direct proceeding, but if the
court is without jurisdiction the judgment is a nullity and can be
questioned at any time or place.

2. SAME—what is meant by jurisdiction of the subject matter.
Jurisdiction in controversies between litigants includes jurisdiction
of the person and of the subject matter, and jurisdiction of the sub-
ject matter means jurisdiction of the class of cases to which the
particular case belongs and is always conferred by law, but it does
not mean jurisdiction of the particular case, which must be ac-
quired by some method of bringing the case before the court for
adjudication.

3. SAME—jurisdiction of subject matter cannot be conferred by
consent or by failure to object. Jurisdiction of the person is ob-
tained by the process prescribed by the law or by voluntary appear-
ance and any objection concerning it may be waived, but jurisdic-
tion of the subject matter cannot be conferred by consent or by
failure to interpose an objection.

4. SAME—court cannot act upon property not within its juris-
diction. A court may not act upon property not within its juris-
diction, and where the subject matter of the litigation is specific
property. the jurisdiction must be exercised in the State where it
is situated, but the court may compel one who is subject to its juris-
diction to do some act in relation to the property in accordance
with the laws of the State where the property may be.

5. INHERITANCE TAX—jurisdiction under Inheritance Tax law
is confined to the territory within which the law is effective. The
act to tax gifts, inheritances, legacies and transfers gives to the
county court jurisdiction to hear and determine all questions in
relation to taxes arising under the act, but the jurisdiction con-
ferred is necessarily confined to the territory within which the
law is effective.

6. SAME—inheritance tax is not a tax on property but upon the
right to inherit the property. The inheritance or succession tax is
not upon the property inherited or devised but upon the right to

take the property by descent or devise, and a proceeding to fix the tax is not a suit or controversy between parties.

7. SAME—*court having jurisdiction of beneficiary has jurisdiction to fix tax.* The Inheritance Tax law has given jurisdiction to the county court to hear and determine all questions in relation to taxes arising under the provisions of the act, and if the court acquires jurisdiction of the beneficiary taking the property by descent or devise it has jurisdiction to adjudicate concerning the tax.

8. SAME—*court having jurisdiction of property subject to inheritance tax may determine the amount of the tax.* Under the Inheritance Tax law, if the court has jurisdiction of the property passing by transfer to residents under the laws of the State it may hear and determine the question of the amount of tax, whether the property belonged to residents or not.

9. SAME—*the court must have jurisdiction either of property or beneficiary.* To enable the county court to hear and determine whether an inheritance tax is due on the succession to property it must have jurisdiction over the beneficiary or the property or the judgment will be void.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

STETSON, JENNINGS & RUSSELL, GUGGENHEIMER, UNTERMYER & MARSHALL, and ADAMS, FOLLANSBEE, HAWLEY & SHOREY, (MITCHELL D. FOLLANSBEE, and FRED BARTH, of counsel,) for appellants.

EDWARD J. BRUNDAGE, Attorney General, and LEROY MILLNER, (HENRY F. HAWKINS, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Walter G. Oakman, Samuel Untermyer, the Guaranty Trust Company and the Andrew Freedman Home filed in the county court of Cook county their petition praying the court to vacate and set aside an order fixing and assessing an inheritance tax upon shares of capital stock of non-resident corporations passing by the will of Andrew Freed-

man, deceased, to non-residents of the State. Len Small, Treasurer of the State of Illinois, the county treasurer of Cook county, the Attorney General and the inheritance tax attorney were made defendants, and on their motion the court struck from the files the petition and denied the relief prayed for, and the petitioners appealed.

The facts set forth in the petition, which were to be taken as true for the purposes of the motion to strike the petition from the files, are as follows: Andrew Freedman died on December 4, 1915, leaving a will, which was probated in the surrogate's court of New York, whereby Walter G. Oakman, Samuel Untermyer and the Guaranty Trust Company were appointed executors and trustees, Elizabeth Freedman, mother of the testator, was given a life estate in one-fourth of the income of the residuary estate, Isabel Freedman, a sister of the testator, was given a similar interest, and the Andrew Freedman Home took the remainder, none of whom were residents of this State. On April 22, 1916, the county judge of Cook county appointed an appraiser to appraise the property passing by the will on which an inheritance tax might be due this State. The appraiser reported that there passed by the will 100 shares of the preferred seven per cent stock of the Moline Plow Company, a corporation of this State, of the par value of $100 per share, with a valuation of $9600; also a great many shares of corporations of other States having property in this State, with proportionate values of such property at an aggregate of $48,241.72. On this appraisement he reported an inheritance tax against the Andrew Freedman Home amounting to $2123.95 on the transfer of the shares of stock under the will. On May 24, 1916, the county judge entered an order assessing the tax at the rate of five per cent, amounting to $2123.95, on the shares of stock, all of which, except the shares of stock of the Moline Plow Company, were of stock of foreign corporations

passing to non-residents of this State. The tax was paid by the executors. The petition alleged that the order imposing the inheritance tax, so far as it was assessed upon the capital stock of foreign corporations owned by the non-resident testator at the time of his death and passing by his will to non-residents, was null and void for want of jurisdiction in the county court.

If the court had jurisdiction to make any order at all concerning the subject matter, its judgment, although erroneous, which it unquestionably was, (*People* v. *Griffith,* 245 Ill. 532; *People* v. *Dennett,* 276 id. 43;) could not be collaterally attacked and could only be set aside by a direct proceeding, but if the court was without jurisdiction the judgment was a nullity and without any effect and can be questioned at any time or place. If a court assumes to act where it has no jurisdiction its decisions will be utterly void. (*Kenney* v. *Greer,* 13 Ill. 432; 7 R. C. L. 1031.) The question to be decided, therefore, is whether the county court had any jurisdiction to adjudicate concerning the transfer by the will of Andrew Freedman of property not in this State, which passed by the will, not by virtue of any law of this State, to persons who were non-residents, which means the power to hear and determine concerning the subject matter. *Franklin Union No. 4* v. *People,* 220 Ill. 355.

Jurisdiction in controversies between litigants includes jurisdiction of the person and of the subject matter, and jurisdiction of the subject matter means jurisdiction of the class of cases to which the particular case belongs, and it is always conferred by law. It does not mean jurisdiction of the particular case, which must be acquired by some method of bringing the case before the court for adjudication. (*O'Brien* v. *People,* 216 Ill. 354.) Jurisdiction of the person is obtained by the process prescribed by the law or by voluntary appearance and any objection concerning it may be waived, but jurisdiction of the subject matter

cannot be conferred by consent or by failure to interpose an objection. The act to tax gifts, inheritances, legacies and transfers gives to the county court jurisdiction to hear and determine all questions in relation to taxes arising under the provisions of the act, and the county court therefore had jurisdiction of the class of cases to which the one now under consideration belongs. The jurisdiction conferred by law, however, is necessarily confined to the territory within which the law is effective, and a court may not act upon property not within the jurisdiction. Where the subject matter of litigation is specific property the jurisdiction must be exercised in the State where it is situated. Therefore the court cannot grant relief as to property held by non-residents not within the jurisdiction, and the decree of the county court as to the manner in which lands in another State belonging to a deceased person shall be distributed is void. (*Harris* v. *Pullman,* 84 Ill. 20; *West* v. *Fitz,* 109 id. 425; *McCartney* v. *Osburn,* 118 id. 403; *Osburn* v. *McCartney,* 121 id. 408; *Parsons* v. *Millar,* 189 id. 107.) A judgment cannot affect title to property beyond the limits of the State, except where the court· may compel one who is subject to its jurisdiction to do some act in relation to the property in accordance with the laws of the State where the property may be. *Heyer* v. *Alexander,* 108 Ill. 385; *Craft* v. *Indiana, Decatur and Western Railway Co.* 166 id. 580.

The inheritance or succession tax is not levied upon the property inherited or devised but upon the right to take the property by descent or devise. It is not a tax upon the property itself but upon the right to succeed to it, (*Kochersperger* v. *Drake,* 167 Ill. 122; *Estate of Speed,* 216 id. 23; *United States* v. *Perkins,* 163 U. S. 625; *Magoun* v. *Illinois Trust and Savings Bank,* 170 id. 283;) and a proceeding to fix a tax is not a suit or controversy between parties. As the judgment does not act upon the property

it is not essential to jurisdiction that the property should be within the State. A court to which the law gives jurisdiction to hear and determine all questions in relation to taxes arising under provisions of the act, having acquired jurisdiction of the beneficiary taking the property by descent or devise, has jurisdiction to adjudicate concerning the tax upon the property. If such court has jurisdiction of the property passing by transfer under the laws of this State it may hear and determine the question of the amount of tax. In either case the judgment is not void and cannot be collaterally attacked but is valid until reversed in a direct proceeding. The State has power to impose a tax either upon a beneficiary or property within its jurisdiction. (*Blackstone* v. *Miller,* 188 U. S. 189.) A tax on property within the jurisdiction of the State, whether belonging to residents or not, passing by the laws of the State to residents of the State, is valid. (*Greves* v. *Shaw,* 203 Mass. 205.) It is clear, however, that to enable the county court to hear and determine whether an inheritance tax is due on the succession to property it must have jurisdiction over the beneficiary or the property, and in this case, according to the averments of the petition, it had neither. The order made, so far as it related to shares of stock of foreign corporations passing to non-residents of the State by the will of Andrew Freedman and not by virtue of any law of this State, was void for want of jurisdiction, and if the averments of the petition are proved it will be the duty of the court to vacate and set it aside.

The judgment of the county court is reversed and the cause is remanded, with directions that if the facts alleged in the petition are proved the prayer of the petition shall be allowed.    *Reversed and remanded, with directions.*