# OPINIONS OF THE COURT

LORA J. MOORE, EXECUTRIX OF THE ESTATE OF JAMES HOBART MOORE, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed September, 1918.*

INHERITANCE TAX—*when inheritance tax cannot be assessed.* An inheritance tax cannot be assessed upon the succession or transfer of shares of capital stock of foreign corporation to non-resident beneficiaries by the death of non-resident decedent.

JURISDICTION—*Court must have jurisdiction of the person of the beneficiary or of the property.* To determine whether an inheritance tax is due the Court must have jurisdiction either of the person of the beneficiary or of the property, otherwise its judgment or order is void.

APPEAL—*when claimant entitled to refund although appeal is not taken.* Where the order of the Court is void for want of jurisdiction the necessity for an appeal, as provided by statute, does not exist, and a failure to take an appeal is no bar to the recovery of the tax paid.

DEMAND—*when demand for refund not necessary.* Where the entire estate is in the bank and the consent of the Attorney General and State Treasurer is necessary for a release or transfer of the funds to the executor, and such consent cannot be obtained, a demand on the County Treasurer for a refund is not necessary.

SAME—*Section 10 of Inheritance Tax law applies only to State Treasurer.* Section Ten (10) Inheritance Tax law only limits the time for application for refund on the State Treasurer.

INHERITANCE TAX—*when erroneously assessed.* An inheritance tax assessed by a court without jurisdiction is erroneously assessed.

LIMITATION—*when right of recovery is not affected.* Where the tax has been assessed and paid under a void order of the Court, the two year limitation does not affect the right of recovery.

Edward J. Brundage, Attorney General, for State.

The facts in this case show that James Hobart Moore died testate on the 18th day of July, 1916, a resident of the State of Wisconsin and that letters testamentary were issued in that State to Lora Moore, as executrix, no administration was had in Illinois.

On the 18th day of October, 1916, the County Judge of Cook County entered an order to assess the inheritance tax in said estate at $19,773.00 which amount, less 5 per cent discount was on the day of November, 1916, paid by Claimant to the County Treasurer of Cook County.

Thereafter, on the 5th day of September, 1918, on hearing a petition properly presented, the Acting County Judge of Cook County found, "that, included in said valuation upon which said purported assessment was made were certain shares of stock of corporations organized

under the laws of other states than Illinois (describing the same) amounting to $654,672.91, and that the succession to said foreign shares was taxed at the rate of two per cent; and that the beneficiaries whose successions and transfers were specifically taxed were both at the time of the death of said deceased, and at the time of said purported assessment, residents of states and counties other than Illinois.

Upon such finding the Judge entered a decree finding that the order so made by the County Judge of Cook County on the 18th day of October, A. D. 1916, purporting to assess an inheritance tax in the estate of said decedent, insofar as it purports to assess an inheritance tax in said estate upon the transfer of said shares of stock of foreign corporations passing to said non-resident beneficiaries, was at the time it was entered, and now, wholly void for want of jurisdiction, and that the same be vacated and set aside. But that to the extent that the said order of the County Judge assessing a tax of $6,307.56 said order is not affected by this decrease, the said $6,30756 being the total tax assessable in said estate."

That the payment of the sum of $12,438.79 included in said payment as aforesaid was void for want of jurisdiction."

On the 26th day of November, A. D. 1918, the claimant filed in this Court, claim for refund of the $12,438.79. Claimant claims that the same was inheritance taxes erroneously paid, and bases her right of recovery on section 10, chapter 120, of the Inheritance Tax Laws of Illinois, which reads as follows: "When any amount of said tax shall have been paid erroneously to the State Treasurer it shall be lawful for him, on satisfactory proof rendered to him by said County Treasurer of said erroneous payment, to refund and pay to the executor, etc., who paid any such tax in error the amount of such tax so erroneously paid, provided that all applications for repayment of said tax shall be made within two years from the date of such payment."

It is admitted by Counsel for the State that only $6,307.56 tax was properly assessed. The State further contends that the payment of the $12,438.79 under a void order was not a payment of an inheritance tax within the meaning of the Inheritance Tax Law, and that claimants have not challenged the correctness of the order by the method prescribed by the statute, and that they are not therefor entitled to a refund.

It is true the claimants did not pursue the remedy by appeal within sixty days after the entry of the County Judge's order, approving the Appraiser's report as they might have done under the statute; but inasmuch as the order of the Judge purporting to assess a tax upon the transfer of decedent's shares of stock in foreign corporations to non-resident beneficiaries and void, it appears to the Court that the necessity for such appeal did not exist, and that it was properly attacked by petition to the County Court, as above referred to; and that the County Court had jurisdiction and the power to decree such assessment void, we entertain no doubt. *Oakman v. Small,* 282 Ill. P. 360.

In the above case the Supreme Court said: "It is clear, however, that to enable the County Court to hear and determine whether an inheritance tax is due on the succession to property it must have juris-

diction over the beneficiary or property, and in this case, according to the averments of the petition, it had neither. The order made so far as it related to the shares of stock of foreign corporations passing to non-residents of the State by the will of Andrew Freedman and not by virtue of any law of this State, was void for want of jurisdiction, and if the averments of the petition are proved it will be the duty of the Court to vacate and set aside the order, and the prayer of the petition allowed."

It was upon this opinion that the County Court acted vacating and modifying the order assessing the tax as aforesaid.

Upon the rendition of the aforesaid decree of the County Court, it is clear that the State was shown to be entitled to only $6,307.56 inheritance, and that $12,438.79 was illegally assessed and void.

But the entire amount had been paid to the State Treasurer.

The entire estate above mentioned was in the bank or banks in Cook County, and it could not lawfully be released or transferred to the Executrix without the consent of the Attorney General and State Treasurer of Illinois. This consent was not obtained and could not be procured from such officers of the State until the inheritance taxes claimed by them to be due was paid. Under such existing circumstances such taxes were thus paid—not voluntarily; but at the most expeditious way to get such securities transferred. It occurs to us that it it as useless to ask the State Treasury to refund as it is to demand a refund of the County Treasurer in such cases.

No appropriation is ever made in contemplation of payment of such inheritance tax erroneously paid. Hence the only remedy if any for such refund is in this Court.

The two year's limitation mentioned in section 10 aforesaid does not affect the right of recovery in this case in this Court. It only limits the time of applying for refund from State Treasurer. Section 10. Supra.

The contention of the Attorney General that the amount claimed had been paid under a void order, as to the extent of the amount claimed herein and that therefore it was not an inheritance tax erroneously paid; and that therefore a refund could not be had is quite technical and possessed some legal logic; but construing section 10 from a reasonable and equitable standpoint, we are of the opinion that the amount claimed was erroneously assessed as an inheritance tax, and was void for want of jurisdiction, and constitutes a valid claim against the State. See Report of Attorney General 1910, page 196-198, rendered May 20, 1910.

> *Griffiths* v. *The State,* 2 C. C. Report, page 128.
> *Weller et al* v. *The State,* decided at last term this Court.
> See also case of *Metzger* v. *The State.* Decided at last term this Court. Matter of *Coogan,* 27 Misc. Rep. (N. Y.) 563 aff'd 45 App. Div. (N. Y.) 628; 162 N. Y. 613.
> *Oakman* v. *Small,* 282 Ill. 360.

*Oakman* v. *The State,* No. 52. Decided at this term of this Court.

In view of the foregoing facts, as we have them, and the law governing the same we are of the opinion that there should be a refund by the State of the amount claimed.

We therefor accordingly award the claimant the sum of twelve thousand four hundred thirty-eight and 79/100 ($12,438.79) dollars. Approved.