# Elmer J. Roy, Appellant, v. Manson Upton et al. Eunice Upton, Appellee.

## Gen. No. 7,643.

1. JUDGMENTS—*when decree not subject to collateral attack.*
When a court has jurisdiction of the subject matter of a suit and of the parties a decree rendered, though it may be irregular or erroneous, cannot be attacked in collateral proceedings.

2. COURTS—*distinction between jurisdiction of subject matter and jurisdiction of particular case.* Jurisdiction of the subject matter of a suit means jurisdiction of the class of cases to which the particular case belongs, and is always conferred by law, as distinguished from jurisdiction of the particular case, which must be acquired by some method of bringing the case before the court for adjudication.

3. DIVORCE—*sufficiency of recital of divorce decree as to jurisdiction of defendant as against collateral attack.* The circuit court having jurisdiction in all cases of divorce and alimony expressly conferred upon it by statute, where the decree of such court recites that a defendant in a divorce suit was served with procss of summons in the cause more than 10 days prior to the first day of the term of the court to which the cause was commenced and at which the decree was rendered, the decree cannot be attacked in a collateral proceeding.

4. DIVORCE—*findings in supplemental decree for alimony as verity on collateral attack.* The findings in a supplemental decree that defendant had notice of complainant's petition to modify the decree by receiving a copy of the petition for modification of alimony by registered mail more than 10 days prior to the hearing and that he was notified in writing by registered mail of the date and time of the hearing, must be taken as true and cannot be disputed in a collateral proceeding.

5. FORECLOSURE OF MORTGAGES—*when lien of decree for alimony to divorced wife of mortgagor superior to mortgage lien.* In a suit to foreclose a mortgage on real estate where the divorced wife of the mortgagor was made a party defendant and filed a cross-bill showing that her claim for alimony which had not been satisfied was a prior lien on the premises, and it appeared that the court rendering the decree for alimony and a supplemental decree modifying it had jurisdiction of the subject matter and the parties so that they were not subject to collateral attack, the court properly ordered the premises sold under the cross-bill and directed that the

balance of the proceeds, after satisfying the lien for alimony, be reported by the master and held subject to a further order of court.

Appeal by plaintiff from the Circuit Court of Sangamon county; the Hon. E. S. Smith, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 8, 1924.

Ed. D. Henry, for appellant.

L. H. Vogel, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case, the appellant, Elmer J. Roy, filed a bill in equity to foreclose a mortgage on certain lots in the City of Springfield. The mortgage was executed by Manson Upton September 23, 1922, to secure an indebtedness of $800.00 and the accruing interest thereon. Manson Upton, Eunice Upton, the divorced wife of Manson Upton, and William V. Helmick, a tenant on the mortgaged premises, were made parties defendant. Manson Upton and Helmick made no defense to the foreclosures, but the appellee, Eunice Upton, answered the bill by setting up a decree for alimony rendered in her behalf in a divorce proceeding in the circuit court of Sangamon county on February 3, 1912. The decree allowed her certain household furniture as alimony, also $30 per month to be paid to her by her divorced husband, Manson Upton. To secure the payment of the alimony, the decree made it a lien on the premises in question. The appellee further answered that there was due her as alimony under this decree, and unpaid, the sum of $205. The answer also avers that the decree for alimony was afterwards modified by a supplemental decree rendered on September 19, 1922, in which the court found that the furniture which the court in the previous decree had required Manson Upton to turn over to her, as part of her alimony, had not been turned over to her, and

that therefore the court allowed her the value thereof, namely, $409, to be paid to her by Manson Upton, and that to secure the payment of the same, the sum allowed was also made a lien on the premises in question. The appellee averred that the unpaid alimony under said decree amounted to the sum of $613, and that she was entitled to a first lien upon the premises in question.

The appellee, Eunice Upton, also filed a cross-bill, alleging substantially the same facts concerning her claim for alimony, and her right to a first lien upon the mortgaged premises, praying that her claim for alimony be satisfied by foreclosure of her lien against the mortgaged premises. The appellant and Manson Upton filed their separate answers to the cross-bill. Exceptions were sustained to certain matters in these answers, and the cause was then referred to the master to take the proof and report his conclusions. The evidence was taken and reported to the court by the master, together with his conclusions. The master found the facts concerning the alimony of the appellee, Eunice Upton, substantially as alleged in the cross-bill; that the amount due her was $613; and that she was entitled to a lien which was prior to the lien of the appellant's mortgage. The master also found that the appellant had a valid claim on the premises in question, subsequent to the lien of the appellee; and that there was due to appellant, under his mortgage for principal, interest and a solicitor's fee provided in said mortgage, the sum of $861.00. The court overruled the exceptions to the master's report and approved the findings of the master, and rendered a decree that Manson Upton pay to the appellee, Eunice Upton, the sum of $613.00; and pay to the appellant, Elmer J. Roy, the sum of $861.00 with interest accruing thereon, within ten days; and in default thereof, that the premises in question be said to satisfy the lien of the appellee, Eunice Upton, out of the proceeds of

the sale, together with the costs of suit and expenses of the sale; and that he report the residue remaining to the court for a further order in reference thereto. An appeal is prosecuted from this decree by the complainant in the original bill.

It is urged for reversal of the decree that the decrees under which the alimony was allowed to the appellee, Eunice Upton, and made a lien, were invalid; that the first decree which was rendered in 1912 shows upon its face that the court did not have jurisdiction of the subject matter or of the person of the defendant therein, Manson Upton, because there is no finding in the decree that the complainant had resided in the state one year prior to commencement of the suit, the evidence in the case not having been preserved. A further contention is made with reference to the supplemental decree, that the latter decree is invalid because a notice of the petition by complainant, for modification of the alimony provision in the first decree, was not personally served on the defendant, Manson Upton; and that the court was therefore without power or jurisdiction to modify the alimony provision in the first decree. Concerning the contention that the first decree was void because it did not contain a finding by the court that the complainant had resided in the state for one year next preceding the commencement of the suit, it has been held that if the evidence in the divorce proceeding is not preserved, the decree will be regarded as erroneous and void in a direct proceeding. *Becklenberg v. Becklenberg,* 232 Ill. 120. There is nothing in the record to show whether or not the evidence in the divorce proceeding in question was preserved, but it is well settled that where the court has jurisdiction of the subject matter of a suit, and of the parties, a decree rendered, though it may be irregular or erroneous, cannot be attacked in a collateral proceeding; and "jurisdiction of the subject matter means jurisdiction of the class of cases to which

the particular case belongs, and it is always conferred by law. It does not mean jurisdiction of the particular case, which must be acquired by some method of bringing the case before the court for adjudication." *Oakman v. Small,* 282 Ill. 360; *O'Brien v. People,* 216 Ill. 354. The circuit court is a court of general jurisdiction; and jurisdiction in all cases of divorce and alimony is expressly conferred upon circuit courts. Cahill's Ill. St. ch. 40, ¶ 5. It is apparent therefore that the court which rendered the decree in question had jurisdiction of the subject matter of the suit. The decree recites the fact that the defendant, Manson Upton, was duly served with process of summons in the cause, more than 10 days prior to the first day of the term of court to which the cause was commenced, and at which the decree was rendered, which fixes the additional fact that the court had jurisdiction of the person of the defendant. Under the circumstances the validity of the decree cannot be attacked in a collateral proceeding. *Grimm v. Grimm,* 302 Ill. 511; *People v. Leavens,* 288 Ill. 447; *Oakman v. Small,* 282 Ill. 360; *Miller v. Rowan,* 251 Ill. 344; *Matthews v. Hoff,* 113 Ill. 90; *Harris v. Lester,* 80 Ill. 307; *Kanorowski v. People,* 113 Ill. App. 468.

Concerning the validity of the supplemental decree, the statute expressly provides that "the court may, on application, from time to time, make such alterations in the allowance of alimony * * * as shall appear reasonable and proper." Cahill's Ill. St. ch. 40, ¶ 19. And this court has so decided in *Karr v. Rust,* 217 Ill. App. 555. The supplemental decree finds that the defendant had notice of the complainant's petition to modify the decree by receiving a copy of the petition for modification of the alimony by registered mail more than 10 days prior to the hearing thereof, and that he was notified in writing by registered mail of the date and time of the hearing of said cause to modify said decree. These findings in the de-

cree must be taken as true, and cannot be disputed in a collateral proceeding. We conclude therefore that inasmuch as the court had jurisdiction of the subject matter of the suit, and the person of the defendant, and the defendant had actual notice of the filing of the petition by the complainant for modification of the alimony, and knew the nature and contents of the petition, and had notice of the time fixed for the hearing thereon, and made no defense thereto, the supplemental decree is binding upon him, and that its validity cannot be questioned upon the grounds stated, and cannot be attacked by a third person in a collateral proceeding.

We are of opinion that there was no error in ordering the premises sold under the cross-bill to enforce the lien of the cross-complainant, which was a prior lien, to the lien of the mortgage; nor in directing that the prior lien be first satisfied out of the proceeds of the sale, and then the balance of the proceeds of the sale be reported by the master, and held subject to a further order of court. For the reasons stated, the decree is affirmed.

*Affirmed.*