## SAMUEL DOLTON

### *v.*

## GEORGE H. ERB *et al.*

1.  LIMITATIONS—*bill of review.* For errors apparent on the face of the record, a bill of review must be brought within the time allowed for a writ of error.

2.  COLOR OF TITLE—*adverse possession.* A party purchased a tract of land from a person, acting as the attorney in fact of the owner, and paid him the contract price, and not receiving a deed, the purchaser afterwards filed his bill against the unknown heirs of such owner, alleging the death of the latter, and the purchase and payment of the money. Under a decree, the master conveyed to the purchaser, who subsequently sold and conveyed to others, and these entered into possession under their color of title, and paid the taxes for seven years. On a bill filed by a purchaser from the heirs of the original owner, alleging the revocation of the power of attorney under which the first sale was made, by the death of the party executing it, before the sale was made by the attorney, it was *held*, the possession of those claiming under that sale was adverse, and they could protect themselves under their color of title, possession and payment of taxes for seven years.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

The opinion states the case.

Messrs. HILL & DALE, for the appellant.

Mr. S. CORNING JUDD, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1851, Erb, one of the appellees herein, bought of Cockle, acting as attorney in fact for one Jacquemart, a tract of land owned by the latter. He paid Cockle the contract price, and

19—53RD ILL.

not receiving a deed, at the April term, 1858, of the McDonough circuit court, filed his bill against the unknown heirs of Jacquemart, alleging his purchase and payment, and the death of Jacquemart. The court decreed a deed, which was made to Erb by the master, on the third of June, 1858. Erb subsequently sold and conveyed the north half of the land to Walters, and the south half to Crawford. In January, 1867, Dolton, as purchaser from the heirs of Jacquemart, filed a bill in the nature of a bill of review, alleging errors on the face of the record, and also that, at the time of the sale by Cockle, as attorney for Jacquemart, the latter was dead, and the power of attorney revoked by his death. Erb, Crawford and Walters were made defendants. They answered, setting up, among other things, their respective purchases and payment of taxes, and possession for more than seven years. The court heard the case on pleadings and proofs, and dismissed the bill.

It is very clear the decree was correct. For errors apparent on the face of the record, a bill of review must be brought within the time allowed for a writ of error, and in this case, nearly nine years elapsed between the rendition of the original decree and the filing of the present bill. As to matters *dehors* the record, alleged in the bill, as a ground for setting aside the original decree and the title of the defendants, the latter must be allowed to protect themselves under their color of title, possession and payment of taxes for more than seven years prior to the filing of this bill. These facts were proven, and their possession was adverse, as settled in *Chickering* v. *Failes,* 26 Ill. 516, and *Cook* v. *Norton,* 48 Ill. 20.

*Decree affirmed.*