JOHN J. GENZ et al. Appellants, vs. CATHERINE GENZ et al.
Appellees.

*Opinion filed April 18, 1912.*

1. BILLS OF REVIEW—*when bill of review for error apparent on face of decree is barred.* A bill of review for error apparent upon the face of the decree can be brought only within the time allowed by law for suing out a writ of error, unless the complainant is under some disability.

2. EQUITY—*when partition decree cannot be disturbed for alleged error.* A partition decree which has been in force for more than thirty years, and which was entered in a partition proceeding which was regular in all respects in so far as it affected the fee of the real estate, cannot be disturbed upon the ground that the court erred in allowing dower to the complainant.

3. SAME—*when equity will not assume jurisdiction to settle a claim.* A claim based upon an alleged indebtedness of a deceased person to the heirs of her son, concerning the proceeds of a partition sale paid to her as guardian of such son, should be presented by the administrator of the son's estate in the county court where the will of the deceased guardian was admitted to probate and where her estate was in course of administration, and a court of equity will not assume jurisdiction to adjudicate such claim.

4. SAME—*equity does not encourage assertion of stale claims.* A court of equity will not assume jurisdiction to declare a trust where it appears that the rights of the parties became fixed and determined more than twenty-five years before the filing of the bill, which shows no excuse for the delay, and where all the parties familiar with the facts surrounding the transactions involved, except as to matters disclosed by the public records, are dead.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding.

This was a bill in chancery filed by the appellants, John J. Genz and Mathilda Thode, against the appellees, in the circuit court of Jo Daviess county, to impeach a decree in partition for error upon its face, entered by the circuit court of Jo Daviess county in the year 1874, and for other relief. A demurrer was interposed to the bill and sustained

for want of equity, and the appellants having elected to stand by their bill, the same was dismissed, and they have prosecuted an appeal to this court.

It appears from the averments of the bill that Joseph Genz departed this life, testate, in the county of Jo Daviess, on April 25, 1871; that he left him surviving Margaretta Genz, his widow, and George Genz, John Genz, Frank Genz and Maggie Genz, his sons and daughter and sole heirs-at-law; that at the time of his death Joseph Genz was seized and possessed of personal and real property located in said county; that by the terms of his will, which was admitted to probate, Margaretta Genz, his widow, was given the use of the personal property and real estate of which he died possessed and seized, so long as she should live or remain unmarried, and the remainder of his estate he gave absolutely, in equal portions, to his four children; that Margaretta Genz elected to take under the will of Joseph Genz; that shortly after the death of Joseph Genz, Maggie Genz died intestate and unmarried, leaving her mother and her three brothers her surviving as her sole heirs-at-law; that Margaretta Genz, subsequent to the death of Maggie Genz, purchased the interest of George Genz in his father's estate for the sum of $1600; that on March 24, 1874, Margaretta Genz married Joseph Dirnberger, and on the 10th day of May, 1874, filed a bill in chancery in the circuit court of Jo Daviess county for the partition of the real estate of which her former husband, Joseph Genz, died seized, between herself and her sons John and Frank Genz, averring in her said bill that she was entitled to dower in said real estate, and that the fee thereof belonged to herself and her said sons John and Frank in the following proportions, that it to say, four-tenths to Margaretta Dirnberger, three-tenths to John Genz and three-tenths to Frank Genz; that the defendants were duly served with process and appeared by guardian *ad litem,* they being minors, and a decree was

entered fixing the rights of the parties in and to the lands of which Joseph Genz died seized, in accordance with the allegations of the bill; that commissioners were appointed, who reported that the real estate owned by Joseph Genz, deceased, was not susceptible of division and appraised the same and reported those facts to the court, and thereupon a decree of sale was entered and a special commissioner was appointed to make sale of said real estate, and at said sale Margaretta Dirnberger purchased said real estate, disencumbered of her dower, for the sum of $3198, which sale was approved by the court and the proceeds of said sale were distributed as follows: To Margaretta Dirnberger for dower, $434.22; to Margaretta Dirnberger for a four-tenths interest in said real estate, the sum of $1042.12; to Margaretta Dirnberger as guardian of her son John, the sum of $781.60, and as guardian of her son Frank, $781.60, the balance of the said proceeds being used in the payment of costs and expenses; that Margaretta Dirnberger settled with John Genz upon his attaining his majority; that Frank Genz died unmarried and intestate on July 6, 1884, and before he had attained his majority, and without having received the funds, in full, derived from said sale, belonging to him; that John Genz died some years thereafter, leaving him surviving Marie Catherine Genz, Ado Genz and Margaretta Genz as his children; that George Genz died subsequent to the sale of said real estate, leaving him surviving the complainants; that Margaretta Dirnberger died February 15, 1904, leaving a last will and testament, which was admitted to probate, whereby she devised all of her estate to her husband, Joseph Dirnberger; that Joseph Dirnberger, subsequent to the death of Margaretta Dirnberger, conveyed all of the real estate which he took title to under her will, to Catherine Genz, the widow of John Genz, deceased, and thereafter died, leaving a will, whereby he devised all of his estate, which was of the value of $6000, to

the defendants, Marie Catherine Genz, Ado Genz and Margaretta Genz, the children of John Genz, deceased.

The bill prays, first, that the decree entered in the partition suit be reviewed, reversed and set aside, that all conveyances made of said real estate subsequent to the entry of said decree be set aside, and that said real estate be partitioned between the complainants and defendants, Marie Catherine Genz, Ado Genz and Margaretta Genz; second, that if the partition decree is held to be a valid decree, a trust be impressed upon the funds in the hands of the executor of Joseph Dirnberger, deceased, for the benefit of the said complainants·and defendants; and thirdly, in the event the court denies the last prayer, that an accounting be had of the estate of Frank Genz, deceased, and that a trust be impressed upon the funds in the hands of the executor of Joseph Dirnberger, deceased, to the extent of $867.70, with lawful interest thereon, that amount being the amount received by Margaretta Dirnberger as guardian of Frank Genz, at the time of said partition sale.

F. J. CAMPBELL, for appellants.

J. M. NACK, PAUL KERZ, D. B. BLEWETT, and SHEEAN & SHEEAN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The bill in this case, so far as it attacks the decree of the circuit court of Jo Daviess county entered in the partition suit in the year 1874, is based upon errors apparent upon the face of the decree, and we are of the opinion the complainants are barred of relief on the ground of the lapse of time, as a bill of review for matters apparent upon the face of a decree can be brought only within the time allowed for the suing out of a writ of error, (*Dolton* v. *Erb,* 53 Ill. 289; *Pestel* v. *Primm,* 109 id. 353; *Allison* v. *Drake,* 145 id. 500;) unless the complainant is under dis-

ability, which does not appear to be the case here. The contention, therefore, that the partition decree entered in 1874 should be set aside for error on its face cannot be sustained.

Neither do we think that the complainants are entitled to have a trust in their favor impressed upon the fund in the hands of the executor of Joseph Dirnberger, deceased, on the ground that said fund is the proceeds of the sale of the real estate of which Joseph Genz died seized. At the time the real estate of Joseph Genz was sold under the partition decree, George Genz, the father of the complainants, had no interest in said real estate, he having prior to that time sold all his interest in his father's estate to his mother. If the complainants have any interest in said fund they take such interest through their uncle, Frank Genz, who was a party to the partition suit, and that decree was binding upon him and is binding upon his heirs. The partition sale was regular in all particulars, unless the court that entered that decree erred in holding that Margaretta Dirnberger had a dower interest in said real estate. As it is beyond controversy that she was the owner of a four-tenths interest in the fee as purchaser of the George Genz interest and as heir of Maggie Genz, deceased, it was manifestly the view of the circuit court, when the partition decree was entered, that by the re-marriage of Margaretta Genz she forfeited the interest in said estate which she took under the will, which had the effect to revive in her a dower interest in said real estate. Whether or not that view of the court was correct will not now be determined. The decree in the partition suit has now been in force thirty-five years, and it is at this date too late to raise the question that the court erred in allowing Margaretta Dirnberger dower in that proceeding in the real estate of her first husband, Joseph Genz, deceased. The partition suit, so far as it affected the fee to said real estate, was regular, and it cannot be now disturbed.

The claim that there is some amount due the complainants, growing out of the fact that at the time of the partition sale, and as a part of the proceeds thereof, $867.70 was paid to Margaretta Dirnberger as guardian of Frank Genz, is a matter that should have been adjusted in the county court. If Margaretta Dirnberger was indebted to the estate of Frank Genz his administrator should have presented a claim against her estate in the county court, in which her will was admitted to probate and in which her estate was in the course of administration. It is only in extraordinary cases that a court of equity assumes jurisdiction in the settlement of estates by superseding the jurisdiction conferred upon the several probate and county courts existing in this State. *Shepard* v. *Speer,* 140 Ill. 238; *Dougherty* v. *Hughes,* 165 id. 384.

There is another reason why we think the decree of the circuit court should not be disturbed, and that is, that the *laches* of the complainants is such as to bar them from any equitable relief. Joseph Genz, the grandfather, died in 1871. The partition sale was had in 1874, at which time George Genz, the father of complainants, was of legal age. Frank Genz died in 1884, and the rights of the complainants or their father, through whom they claim, in the estate of Joseph Genz and in the estate of Frank Genz, then became fixed and determined. Since that time all the parties who were familiar with the facts surrounding the settlement of the Joseph Genz estate and the Frank Genz estate have died, and it would be almost impossible at this late date to ascertain how the matters pertaining to the closing of the two estates were consummated except as they appear of record, which may not fully disclose all of the transactions pertaining to the settlement of the said estates. The claim of the complainants, upon its face and as set forth in their bill, appears to be stale, and the rule is almost universal that a court of equity will not encourage the assertion of a claim which is stale. *Howe* v. *South Park*

*Comrs.* 119 Ill. 101; *French* v. *Thomas,* 252 id. 65; *Kerfoot* v. *Billings,* 160 id. 563.

Finding no reversible error in this record the decree of the circuit court will be affirmed.                    *Decree affirmed.*