(No. 12506.—Judgment affirmed.)

THE PEOPLE ex rel. John A. Coleman, County Collector, Defendant in Error, vs. NORMAN E. LEAVENS et al. Plaintiffs in Error.

*Opinion filed June 18, 1919.*

1. DRAINAGE—*a judgment may be collaterally attacked where court is without jurisdiction.* Where the court in an original proceeding to levy a drainage assessment is without jurisdiction of the subject matter, a judgment against land in such proceeding is void and may be attacked in a collateral proceeding without resorting to an appeal or writ of error.

2. SAME—*when judgment cannot be collaterally attacked.* Under the Levee act of 1879 the county court is vested with authority to hear and determine petitions for the organizing, improving, extending and protection of drainage districts, and an objection that a judgment in such proceeding was erroneous because the petition gave discretionary power to the district engineer cannot be raised in a collateral proceeding to collect a delinquent assessment.

3. JURISDICTION—*jurisdiction of subject matter does not depend on correctness of decision rendered.* Jurisdiction of the subject matter is authority to hear and decide a cause and does not depend on the correctness of the decision rendered.

WRIT OF ERROR to the County Court of Carroll county; the Hon. R. J. CARNAHAN, Judge, presiding.

CHARLES C. McMAHON, JOHN D. TURNBAUGH, and JOHN L. BREARTON, for plaintiffs in error.

F. J. STRANSKY, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes on a writ of error to the county court of Carroll county to review the judgment of said court against the lands of the plaintiffs in error for a delinquent annual drainage assessment levied by the Savanna-York Drainage District, located in said county. This district was organized in 1906. It appears that the drainage

commissioners of the district on November 13, 1916, filed their petition in said court under section 37 of the Levee act of 1879, in which petition changes and new construction were asked, also authority to raise by assessment the necessary money to defray the expense thereof. Objections were filed to that proceeding by the plaintiffs in error, and it is admitted that all the plaintiffs in error here appeared in the county court on the hearing of the petition. It is also admitted here that they filed and urged against granting the petition and against the confirmation of the assessment roll the same objections here urged,—that is, that the county court is without jurisdiction to enter any order on the petition or to authorize the commissioners to make such extensions and repairs or to confirm the assessment roll, for the reason that the petition, and the plans, profiles and specifications filed therewith and made a part thereof, granted certain discretionary powers to the district engineer; that since the judgment on the petition was void it could not become the basis of a judgment for a delinquent annual assessment; that the county court was without jurisdiction of the subject matter of the petition.

It is a well settled rule of law that where the court in the original proceeding is without jurisdiction of the subject matter, a judgment against land in such proceeding is void and may be attacked in a collateral proceeding without resorting to an appeal or writ of error. (*People* v. *Sangamon and Drummer Drainage District,* 253 Ill. 332; *Donner* v. *Highway Comrs.* 278 id. 189.) It is admitted that the petition was filed under section 37 of the Levee act of 1879, and that the petition contained the necessary statement of the commissioners as provided by said section and contained plats and profiles as provided thereby, it being contended, however, that the specifications gave the engineer discretion to determine numerous questions concerning said improvement. Jurisdiction of the subject matter is authority to hear and decide a cause and does not depend

on the correctness of the decision entered. *People* v. *Leonard,* 279 Ill. 159; *People* v. *Zimmer,* 252 id. 9; *Miller* v. *Rowan,* 251 id. 344; *People* v. *Harper,* 244 id. 121; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Polecat Drainage District,* 213 id. 83; *People* v. *Talmadge,* 194 id. 67.

In the case of *People* v. *Leonard, supra,* a petition was filed under section 59 of the Levee act, and the objection was urged that the court was without jurisdiction to hear the same. It was said in that case that while the petition was filed under the wrong section of the statute and the levy of the assessment was void, "it does not follow that the court was without jurisdiction to make any order. The petition purported to be filed under section 37. The court had jurisdiction of the general subject of assessments upon lands of the district for additional work or the completion of any work already commenced within any drainage district to insure the protection or drainage of the lands in the district. The petition for such an assessment gave it jurisdiction over the particular case. The petition asked for an order which it was erroneous for the court to make, but the general subject was within the jurisdiction of the court. Its order, therefore, however erroneous, was not subject to collateral attack. The remedy of the appellees was a writ of error. They cannot avail of the error on an application for judgment against their lands for the installments of the special assessments."

In *Miller* v. *Rowan, supra,* the distinction between the jurisdiction of the subject matter and an erroneous exercise of jurisdiction is laid down, as follows: "A judgment or decree is not binding upon anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. The court did have jurisdiction of the parties, and the appellant, who is disputing the binding effect of the decree, was one of the complainants. Jurisdiction of the subject matter is the power to adjudge

2F8 — 29

concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack. If there is a total want of jurisdiction in a court its proceedings are an absolute nullity and confer no right and afford no protection but will be pronounced void when collaterally drawn in question.—*Buckmaster* v. *Carlin,* 3 Scam. 104; *Swiggart* v. *Harber,* 4 id. 364; *People* v. *Seelye,* 146 Ill. 189; *Clark* v. *People,* 146 id. 348; *O'Brien* v. *People,* 216 id. 354; *People* v. *Talmadge,* 194 id. 67."

Under the statute the county court is vested with authority to hear and determine petitions for the organizing, improving, extending and protection of drainage districts and lands therein, by virtue of the Levee act of 1879. The county court had jurisdiction of the subject matter in this case and had authority to hear and determine the matter set out in the petition filed in November, 1916. That its judgment on said petition may have been erroneous is a matter not open for discussion on collateral attack. As admitted in this record, all of the objectors here appeared and filed this same objection in the proceedings on the petition and have had their day in court. Their remedy was to have sought a review of the judgment on the petition by appeal or a writ of error. They are precluded from having such review in this collateral proceeding.

The judgment of the county court will be affirmed.

*Judgment affirmed.*