(No. 17118.—Decree affirmed.)
DAGMAR SCHOKNECHT, Appellant, *vs.* GEORGE W. PRASSAS
*et al.* Appellees.

*Opinion filed February 18, 1926—Rehearing denied April 9, 1926.*

1. BILLS OF REVIEW—*a bill of review or to set aside decree for fraud must be brought within time allowed for writ of error.* A bill of review for matter apparent on the face of the record or a bill to impeach and set aside a decree for fraud in obtaining it will not, as a general rule, be entertained unless brought within the time allowed by statute for suing out a writ of error.

2. EQUITY—*when Statute of Limitations may be availed of by demurrer in equity.* In chancery the Statute of Limitations may be availed of by demurrer, where the bar appears on the face of the bill, unless an equitable excuse is alleged in the bill to avoid the bar.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

EDWARD B. ZAHN, for appellant.

SHERMAN C. SPITZER, ROBERT HUMPHREY, and HENRY L. WALLACE, (McINERNEY & POWER, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

On December 5, 1923, Dagmar Schoknecht filed a bill in chancery in the superior court of Cook county to review a decree of partition previously rendered in that court on May 11, 1920, to set aside a sale and master's deed made under the decree and subsequent deeds made to various persons. The defendants to the bill were George W. Prassas, who was the purchaser at the sale, the Greenebaum Sons Bank and Trust Company, as trustee under a trust deed securing bonds amounting to $75,000, thirteen other persons who had acquired interests subsequent to Prassas and the

Greenebaum trust deed, and the unknown owners of 270 bonds secured by that trust deed. The bill alleged that the complainant and her husband, Henry F. Schoknecht, owned the real estate involved, subject to certain trust deeds, as joint tenants; that Marianne F. Meindl filed a bill to foreclose the trust deeds, and a decree of foreclosure was entered, under which the real estate was sold on March 18, 1919, to Carl Richter; that on August 12, 1919, her husband conveyed his half of the real estate, subject to Richter's rights, to Prassas by a warranty deed in which she did not join, and on September 9, 1919, Prassas filed his bill for partition, alleging that he and the complainant owned the real estate in equal shares as tenants in common, subject to Richter's certificate of sale. The complainant was served with summons but made default. On March 17, 1920, Prassas redeemed the whole of the real estate from the foreclosure sale by paying the full amount of the sale and interest to the master for the use of Richter. He then filed an amended and supplemental bill setting forth such redemption, claiming contribution from the complainant's half of the land for half the amount he had paid to redeem. On May 11, 1920, a decree of partition was entered, finding that Prassas and the complainant each owned an undivided half of the real estate. The commissioners reported that the premises were not susceptible of division and appraised them at $24,000, and on May 17, 1920, a decree of sale was entered, under which the master sold the real estate to George J. Katsigiannis for $16,000 on June 11, 1920. The sale was confirmed on June 17, 1920. The complainant heard of the sale on June 23, and on July 3 appeared and entered her motion to vacate the decree of confirmation and order a re-sale of the premises. The bill further alleged that the title of Katsigiannis, the purchaser at the sale, passed to Prassas, who executed 270 bonds, amounting to $75,000, secured by a trust deed to the Greene-Baum Sons Bank and Trust Company, and that the other

named defendants have or claim some interest in the premises which is unknown to her. The prayer of the bill is that the decree in the partition suit may be reviewed, reversed and set aside; that the partition proceedings may be dismissed for want of equity; that upon the payment to Prassas of one-half of the redemption money paid by him to redeem the property, with interest thereon, the complainant may be decreed to be the owner of an undivided one-half interest in the property free from incumbrance, and that, so far as her interest is concerned, the master's deed to Katsigiannis and the subsequent deeds from Katsigiannis and his grantees, and the Greenebaum trust deed, may be declared null and void. Separate demurrers were filed by Prassas and the Greenebaum Sons Bank and Trust Company, which were sustained by the court, and the complainant electing to stand by her amended bill, the court ordered the bill dismissed for want of equity as to Prassas and the bank. From this order the complainant appealed.

The appellant's contention is that the sale in the foreclosure suit terminated the equity of redemption, of which she and her husband were joint tenants, leaving them no ownership of the real estate but only the right to redeem from the foreclosure sale, and her husband had no title to the property prior to the redemption which he could convey, so that his deed after the sale and before the redemption conveyed nothing to Prassas except the right to redeem, either by himself or jointly with the appellant; that at the time Prassas filed his bill for partition he had no title to the land, either jointly or in common with the appellant; that the land was therefore not subject to partition and the court had no jurisdiction of the subject matter; and further, that it had no jurisdiction of either the subject matter or of her person as a defendant to the supplemental bill because no notice of filing it was served on her.

The bill is based upon errors apparent on the face of the decree. It was not filed until more than three and a

half years after the decree was rendered, and the law is well settled that a bill of review for matters apparent on the face of the record can be brought only within the time allowed for the suing out of a writ of error. (*Genz* v. *Genz,* 254 Ill. 161; *Allison* v. *Drake,* 145 id. 500; *Bell* v. *Johnson,* 111 id. 374; *Sloan* v. *Sloan,* 102 id. 581.) Section 117 of the Practice act limits the time within which a writ of error may be sued out to two years from the rendition of the decree. In chancery the Statute of Limitations may be availed of by demurrer where the bar appears on the face of the bill, unless an equitable excuse is alleged in the bill to avoid the bar. (*Board of Supervisors* v. *Winnebago Swamp Drainage Co.* 52 Ill. 299; *Ilett* v. *Collins,* 103 id. 74; *Coryell* v. *Klehm,* 157 id. 462; *Bell* v. *Johnson, supra.*) The demurrers were therefore properly sustained.

The appellant in her reply brief states that this is not a bill of review; that it is an original bill to set aside a decree for want of jurisdiction on the part of the superior court of the subject matter of that particular suit. The claim that the court was without jurisdiction to render the decree is based wholly upon the facts which appear of record in that cause. The ground of relief is that the court erred in taking jurisdiction of the cause, and that is an error of law appearing on the face of the record, and so far as that claim is concerned the bill is strictly a bill of review. The appellant charges in her bill that her husband and George W. Prassas conspired to defraud her out of her interest in the premises in question and that Prassas filed the bill for partition pursuant to that conspiracy. If it be conceded that the bill states acts of the appellant's husband and Prassas justifying a charge of fraud against them, still the case is no better for the appellant. A bill to impeach and set aside a decree for fraud in obtaining it will not, as a general rule, be entertained unless brought within the time allowed by statute for suing out a writ of error. (*French*

v. *Thomas,* 252 Ill. 65; *Sloan* v. *Sloan, supra; Bell* v. *John-son, supra; Allison* v. *Drake, supra.*) The appellant knew of the decree of partition on June 23, 1920,—six weeks after it was entered,—and ten days later filed her motion to vacate the order confirming the master's sale and to order a new sale, and filed an affidavit in support of her motion making the same charge against her husband and Prassas of conspiring to defeat her interest in the real estate. With full knowledge of all the facts alleged in the bill to impeach the decree she delayed taking any action for that purpose until long after the time allowed by law for that purpose, and no attempt has been made to excuse the delay.

The decree is affirmed.

*Decree affirmed.*