(No. 19848.—

Ross N. CRANE, Appellant, *vs.* CLARA M. CRANE *et al.* Appellees.

*Opinion filed October 25, 1930—Rehearing denied Dec. 6, 1930.*

NOAH GULLETT, and THOMAS W. HOOPES, for appellant.

L. T. Graham, Elizabeth Mayo, and David C. Williams, for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

Ross N. Crane filed a bill in the circuit court of Pike county for the removal of clouds from the title to and for the partition of certain parcels of land in that county. The complainant's wife, Clara M. Crane, and Levi E. Newman and Arland E. Birch were made defendants to the bill. Newman and Birch demurred to the bill, but the demurrer was overruled. Their plea in bar of the suit followed. Upon a hearing, the sufficiency of the plea was sustained and the bill was dismissed for want of equity. From that decree the complainant prosecutes this appeal.

Benjamin Newman, a resident of Griggsville, in Pike county, died testate early in the year 1915. His will and two codicils thereto were admitted to record by the county court of Pike county. On the express condition that his daughter, Mary W. Vaughn, would not contest his will, he devised by the fifth section, to Levi McMahan, Henry Butterfield and Benjamin Newman, trustees of the First Baptist Church of Griggsville, Illinois, and their successors in office, certain farm lands, particularly described, "being the premises where the said Mary W. Vaughn now resides, to have and to hold such title, for and during the natural life of my daughter, Mary W. Vaughn, and at her death, the title to said premises to vest in her child or children. If any such child or children shall be dead, then such remaining child or children shall take the share of such deceased child or children. The said Mary W. Vaughn is to have the sole use, benefit, management and control of said last above named premises, for and during her natural life. And in the event said Mary W. Vaughn shall leave no child, or descendant of child, the above last described premises shall revert to the heirs of said Benjamin Newman."

Mary W. Vaughn, also known as Mary W. Crane, was the mother of the complainant and he was her only child. Prior to February 7, 1922, the latter was adjudged a bankrupt in the United States District Court for the Southern District of Illinois. On that day the district court entered an order directing the trustee of the complainant's estate to sell all his present and future interest in the land in question. Subsequently, on May 13, 1922, the district court entered an order confirming the sale of that interest to Levi E. Newman and Arland E. Birch and by a deed dated May 15, 1922, the trustee made conveyance of the same interest to the purchasers. Authenticated copies of the orders of sale and confirmation and the trustee's deed were filed for record in the recorder's office of Pike county. From the order of sale it appears that the complainant executed two mortgages on the land to John Siegle, one dated September 29, 1919, for $4000 and the other dated September 28, 1920, for $2102.40.

In addition to the foregoing facts, it is alleged in the bill that Mary W. Vaughn died in August, 1928; that she never contested the will of her deceased father; that during her lifetime the complainant had only a contingent and not a vested interest in the land but that upon her death the title to the land became vested in him in fee simple; that since he had no interest in the land prior to the death of Mary W. Vaughn, the conveyance by the trustee in bankruptcy, made before her death, was ineffectual and Newman and Birch, the grantees in the trustee's deed, acquired no interest in the land; that on October 22, 1928, he conveyed to Clara M. Crane, his wife, by a quit-claim deed, an undivided one-eighth interest in the land in fee and that the only persons interested in the premises are the complainant and his wife, the former owning seven-eighths and the latter one-eighth. The prayer of the bill is for the removal of the order of sale, the order confirming the sale, and the

deed by the trustee in bankruptcy as clouds upon the complainant's title and for the partition of the land.

The defendants Newman and Birch averred in their plea that Mary W. Crane, the mother of the complainant, filed her bill in the circuit court of Pike county for the construction of the last will and testament of Benjamin Newman, her deceased father, and particularly of the section of the will which made her a beneficiary; that the complainant in the present case was a defendant to that bill; that at the November, 1916, term of the court a decree was rendered by which the court found that it had jurisdiction of the subject matter of the suit and of the parties thereto; that Mary W. Crane was the owner of a present life estate in the land described in the fifth section of the will; that the remainder in fee was in her only child, Ross N. Crane, subject to be opened up to let in after-born children of Mary W. Crane, if any, and subject to be divested by the death of Ross N. Crane, his children and all of Mary W. Crane's descendants, before her death, and that the trustees named in the will had no right, title or interest in the land. The defendants further averred in their plea that the decree had never been modified or reversed but remained in full force and effect.

The appellant makes a number of contentions for a reversal of the decree. These contentions, some of which are repeated in varying forms, may be reduced to the single question whether the appellant is barred by the decree rendered in the suit to construe the will of Benjamin Newman, his grandfather, to which suit he was a party, from claiming an interest in the land under his grandfather's will other than the interest which, by the decree, was adjudged vested in him.

It is averred in the plea that Mary W. Crane's particular purpose in filing her bill was to obtain a construction of the fifth section of her father's will. The land in question

was devised by that section, and a construction of the section involved the necessity of determining and adjudging in whom the title to the land was vested. The circuit court, by its decree, rendered at the November, 1916, term, found and adjudged that the appellant had a vested remainder in fee simple in the land. Acting upon that adjudication, he mortgaged the land on September 29, 1919, for $4000, and later on September 28, 1920, for an additional $2102.40. Thereafter he was adjudged a bankrupt and he scheduled the land as his property in the bankruptcy proceeding. The trustee of his estate, pursuant to the order of the Federal district court, sold and conveyed the appellant's interest in the land to the appellees. They paid $6300 for that interest, and the money became a part of the appellant's estate. Notwithstanding the decree in the suit to construe the will of Benjamin Newman, deceased, and the subsequent acts of the appellant, he now claims the land, except as to the undivided one-eighth interest which he purported to convey to his wife, adversely to his own grantees.

By section 50 of the Chancery act, the circuit court had jurisdiction of the subject matter of the suit set forth in the plea. The appellant was a party to that suit and the court had jurisdiction of his person. By the decree rendered in the suit the question of the appellant's interest in the land was in issue and it was definitely decided. He not only acquiesced in the decree but accepted the benefits derived from it. The decree of a court possessing jurisdiction of the subject matter and of the parties, unless reversed or modified upon a direct review or proceeding, is a final and conclusive determination of the questions involved in the particular controversy. Such a decree is binding on the parties and on every other court and is not open to collateral attack. (*People* v. *Leavens,* 288 Ill. 447; *McCarty* v. *McCarty,* 275 id. 573; *Wakefield* v. *Wakefield,* 256 id. 296; *Miller* v. *Rowan,* 251 id. 344). It follows that the decree in the suit to construe the will is binding

upon the appellant and that it may be invoked by the appellees who claim title to the land through him.

It is argued that the plea of the appellees was one of *res adjudicata;* that it was not a complete bar in itself, and that it was for that reason insufficient. A sale of the land was not ordered by the decree which construed the will. The appellees claim title to the land by virtue of a subsequent sale and deed made by a trustee in bankruptcy, and the appellant in his bill of complaint charges that this deed is void. The charge has no basis save the assertion that the trustee in bankruptcy could not convey a contingent remainder. Since the remainder had previously been held to be vested and the appellant was bound by that adjudication, the argument is without merit. A vested remainder of a bankrupt in real estate will vest in his trustee. (*In re McHarry,* 111 Fed. 498; *In re Haslett,* 116 id. 680; *In re Dorgan's Estate,* 237 id. 507; *Loomer* v. *Loomer,* 76 Conn. 522; *Markham* v. *Waterman,* 105 Kan. 93; Collier on Bankruptcy,—13th ed.—p. 1674). The appellant in his bill of complaint, by its direct allegations and the exhibits attached to the bill which he made a part of it, set forth the proceedings in bankruptcy, including the orders of sale and confirmation and the trustee's deed. No complaint is made that the proper instruments were not filed in the office of the recorder of deeds of Pike county and no defect or irregularity in the proceedings in bankruptcy which culminated in the sale and conveyance of the appellant's land to the appellees is pointed out. The deed of a trustee which complies with the Bankruptcy act and is otherwise sufficient, conveys the land as completely to all intents and purposes as if the conveyance had been made by the bankrupt himself at a time when he had the power to convey. *Holbrook* v. *Coney,* 25 Ill. 543; *Kinzie* v. *Winston,* 56 id. 56; *Ryder* v. *Rush,* 102 id. 338.

The decree of the circuit court is affirmed.

*Decree affirmed.*