(No. 23795.—

Louis Knaus *et al.* Appellants, *vs.* The Chicago Title and Trust Company, Appellee.

*Opinion filed February 12, 1937—Rehearing denied April 8, 1937.*

ROBERT D. MELICK, for appellants.

BELL, BOYD & MARSHALL, GEORGE GILLETTE, and JOHN MANN, (SAMUEL M. MITCHELL, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On February 14, 1936, appellants, Louis Knaus and Hanna Knaus, filed their complaint in the circuit court of Cook county. They asked that a decree of foreclosure entered by that court in a prior suit by the Chicago Title and Trust Company, a corporation, (appellee herein,) against appellants, be set aside and the certificate of sale and master's deed issued pursuant to the decree be canceled and removed as clouds on appellants' title. Appellee's motion to dismiss the amended complaint was sustained and it was dismissed for want of equity. Appellants have perfected an appeal to this court, since in such a case a freehold is involved. *Smith* v. *Jackson,* 153 Ill. 399; *Sanford* v. *Kane,* 127 id. 591.

Appellants alleged that they acquired title to the Cornell apartments, in the city of Chicago, by deed from Millie A. Suter, subject to an existing first mortgage trust deed for $32,500. The trust deed was made on June 27, 1930, to secure a loan from the South Shore State Bank, evidenced by eighty-one bearer bonds. The Chicago Title and Trust Company was trustee. The complaint further alleged that on March 30, 1933, appellee, individually and as trustee, filed a bill in equity to foreclose the trust deed, making appellants and certain other parties defendants.

The bill of foreclosure followed the usual form in such cases. It alleged the borrowing of $32,500 by Millie A. Suter; that appellee held bonds numbered 8 to 81, worth $28,000, purchased from the South Shore State Bank; that the lien of the trust deed as security for the bonds numbered 1 to 7 had been subordinated, by agreement between appellee and the bank, to the bonds owned by appellee; that appellants here owned the equity of redemption; that default had been made in payment of the indebtedness secured by the trust deed, and that appellee had elected to declare the entire debt due and payable. The foreclosure bill contained the usual prayer for relief and included a request for the appointment of a receiver. Appellants' complaint further alleged that on October 19, 1933, a decree of foreclosure was entered, finding that appellants appeared in the cause by their solicitors and filed their joint and several answer; that the court had jurisdiction of the subject matter of the cause and of all the parties thereto; that no objections were filed to the report of the master to whom the cause had been referred; that no exceptions to the report were filed with the court and the report was approved, and that the facts were proved as stated above and the property was ordered sold unless the indebtedness was paid within three days. The master was directed to issue a certificate of purchase, and, if redemption was not made, to execute a deed. Appellants' complaint further alleged that the premises were purchased at the master's sale by appellee for $29,000 on November 27, 1933, and a master's certificate was duly issued therefor. On February 28, 1935, appellee obtained a master's deed. The complaint alleged that the premises are in the possession of appellee, and that it is a corporation, authorized by its charter, among other things, to accept and execute trusts, but that it had no right, duty or authority to purchase the bonds from the bank, and that its purchase of the bonds, secured by the trust deed in which it was trustee, was a breach of the fidu-

ciary relation existing between it and appellants. The purchase of the bonds was charged to be *ultra vires* appellee's corporate powers and a violation of the laws of this State, in that such transactions constitute the unlawful operation of a real estate brokerage business. It was charged that appellee by purchasing the bonds had acted as a volunteer in the payment of the bonds, and that the same were paid and the lien of the trust deed discharged. The complaint did not offer to do equity or to reimburse appellee for the money paid on appellants' behalf to the bank, nor did it allege that appellants had been in any way damaged by the alleged breach of trust.

We need not set out the eleven grounds stated in appellee's motion to dismiss.

While the complaint is designated as one to "quiet title, cancel instruments, and accounting," it is apparent from the allegations above set forth that its sole object is to obtain a review of the earlier foreclosure proceedings between the same parties and involving the same subject matter and that it is a bill in the nature of a bill of review. (*Schoknecht* v. *Prassas,* 320 Ill. 423.) It was not filed until more than three and one-half years after the decree was rendered, and the law is that a bill of review, or a bill in the nature of a bill of review, can be brought only within the time allowed for perfecting an appeal or suing out a writ of error. (*Schoknecht* v. *Prassas, supra; Genz* v. *Genz,* 254 Ill. 161.) Section 117 of the Practice act of 1907, in force at the time the foreclosure decree was entered, limited the time within which a writ of error could be sued out to two years from the rendition of the decree. Section 76 of the Civil Practice act limits the time within which an appeal may be perfected, as a matter of right, to ninety days, and upon leave granted to one year after the rendition of the decree. In chancery the Statute of Limitations may be availed of by motion to dismiss where the bar appears on the face of the complaint, unless an equitable ex-

cuse is alleged in the complaint to avoid the bar. (*Schoknecht* v. *Prassas, supra.*) Irrespective of whether the old or new Practice act applies, the motion to dismiss was properly sustained, because the complaint was not filed in the time required for bills of review.

Appellants contend that the decree of foreclosure in the prior suit may be attacked collaterally in this proceeding because they charge that appellee's fraud was sufficient to deprive the court of jurisdiction of the subject matter. That the court had jurisdiction of the person cannot be denied, because appellants appeared and defended. There can be no question that the circuit court of Cook county had jurisdiction of foreclosure cases. The constitution of 1870 (art. 6, sec. 12,) confers on circuit courts original jurisdiction of all causes in law and equity. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. Such jurisdiction is conferred by the constitution or by legislative enactment and does not depend upon the sufficiency of the bill of complaint in a particular case, the validity of the demand set forth therein, the regularity of the proceedings, or the correctness of the decision rendered. (*Oakman* v. *Small*, 282 Ill. 360; 15 Corpus Juris, sec. 35, p. 734.) Where a decree is rendered by a court having jurisdiction of the person and of the subject matter it is not subject to attack in a collateral proceeding. (*Wolff* v. *Schwill & Co.* 351 Ill. 28, 33.) In *Miller* v. *Rowan*, 251 Ill. 344, we said: "Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void. If the court has jurisdiction, it is altogether immaterial, when the judgment is collaterally called in question, how grossly irregular or manifestly erroneous its proceedings may have been. The judgment

cannot be regarded as a nullity, and cannot, therefore, be collaterally impeached. Such a judgment is binding on the parties and on every other court unless reversed or annulled in a direct proceeding and is not open to collateral attack." (See, also, *Crane* v. *Crane,* 341 Ill. 363.) The decree in the foreclosure suit is plainly not open to collateral attack.

The complaint, if it be treated as one to impeach a decree for error apparent on the face of the record and for fraud, is nevertheless insufficient. In order to grant relief under such a complaint it must be shown that the plaintiff was prevented from interposing a defense by fraud and without negligence or fault upon his part. (*Stasel* v. *American Home Security Corp.* 362 Ill. 350; *Regner* v. *Hoover,* 318 id. 169.) No such showing is made in this case, and for all that appears the defense of fraud was made but overruled by the court in the foreclosure suit. If it were made the remedy was by appeal or writ of error, for a bill of review cannot be made to function as an appeal or writ of error. The error to be reviewed by a bill of review must be more than a mistaken judgment. *Regner* v. *Hoover, supra.*

A further reason why the complaint is insufficient as one to impeach a decree for fraud in its procurement is, that it contains no allegations of fact from which the inference of fraud may be drawn. The complaint states only conclusions of the pleader and not facts and is wholly insufficient to charge fraud. *Harrigan* v. *County of Peoria,* 262 Ill. 36.

It is not necessary to set out the other matters which are urged in support of the decree.

The decree is affirmed.

*Decree affirmed.*