(No. 25033.—
Leo Barzowski *et al.* Appellants, *vs.* The Highland Park
State Bank *et al.* Appellees.

*Opinion filed April 17, 1939—Rehearing denied June 8, 1939.*

Arch F. Nuttall, for appellants.

Hall & Hulse, Gerrit T. Thorne, and Alvah L.
Rogers, Jr., (Minard E. Hulse, of counsel,) for appellees.

Mr. Justice Wilson delivered the opinion of the court:

Leo Barzowski and Martha Barzowski, his wife, filed
in the circuit court of Lake county an "amended complaint
in equity and at. law," against the Highland Park State
Bank, John Wachholder, Caroline Wachholder and the
Home Owners' Loan Corporation, to quiet title and for

other relief. Motions were filed by the defendants averring that the amended complaint stated no equitable or legal cause of action and asking judgment or a dismissal of the amended complaint for want of equity. The amended complaint was dismissed and the Barzowskis have prosecuted this appeal.

Leo and Martha Barzowski, about September 26, 1914, became the owners of lots 1 and 2 of the resubdivision of lots 1 to 12, block 10, in Deerfield Park Land and Improvement Association subdivision in the southeast quarter of section 29, township 43 north, range 12 east of the third principal meridian, in Lake county. They went into possession and improved the land. They obtained a loan of $4700 from the Highland Park State Bank (hereafter called the bank) to secure which they executed and delivered two notes and a trust deed conveying the land to the bank, as trustee. Thereafter, the Barzowskis entered into an agreement with Caroline Wachholder for the sale of the westerly one-hundred feet of lot 1 of the land described, and Caroline and John Wachholder went into possession of the land and constructed a residence thereon. Certain contractors and material men were not paid and mechanics' liens were filed against the property. The Irving Park Lumber and Supply Company filed a bill to foreclose its lien. The bank, the Wachholders and other mechanics' lien claimants were made parties and their appearances, or that of some of them, were entered, their interests set up and the cause heard. The westerly one-hundred feet of lot 1 described was ordered sold unless the liens were paid. A master's sale was held and one Raymond Erskine, an officer of the bank, became the purchaser of the property. It is charged upon information and belief that the bank became the legal title holder through an assignment by Erskine of the master's certificate of sale.

The bank instituted a suit to foreclose its mortgage and, upon a decree, the bank purchased the property not covered by the mechanic's lien foreclosure suit. The bank sold the

land to the Wachholders. The Wachholders applied for and obtained a loan of $7250 from the Home Owners' Loan Corporation (hereafter called the Loan Corporation) and the lien claimants and the bank were paid the amounts due them, or, as alleged in the amended complaint, it was pretended they were paid.

The general charge in the amended complaint in equity is that there was fraud and conspiracy on the part of the defendants to divest the plaintiffs of the title to their land. There were two separate counts in the complaint at law, a claim made for damages based on the fraud and conspiracy charged, and a demand for ejectment. The substance of the charges, which it is asserted constitute the fraud and conspiracy of the defendants, is that the bank solicited the making of the $4700 loan and promised it would renew or refinance the indebtedness when the amount of the loan became due; that, during the progress of the mechanic's lien suit, the bank became antagonistic to the plaintiffs and conspired with the Wachholders to injure and crush the plaintiffs and obtain their property by unlawful means, one of which methods was the mechanic's lien suit; that the mechanics' lien claimants were induced by the bank, through fraudulent promises and misrepresentations, to acknowledge receipt of payment of their claims for the bank, and that the master in chancery holding the sale was induced to make a report of sale and distribution in the mechanic's lien suit, but that the mechanics' lien claimants received nothing from the bank; that the bank falsely informed the plaintiffs that it had paid the mechanics' lien claims in full; that under the decree in the mechanic's lien suit the master had no right or power to accept a bid, other than for cash, made by the mechanics' lien claimants or some of them; that no claim was made by the pretended purchaser, Erskine, that he was acting for any party or parties, as trustee or otherwise, and that the plaintiffs and the court were misled by the proceedings, which were fraudulent and void, and that the

foreclosure suit by the bank was a part of the conspiracy to defraud the plaintiffs. It was charged that the Loan Corporation became an instrument of the bank to injure the plaintiffs, and that the plaintiffs informed the Loan Corporation of the plaintiffs' claim to the property and of the fraud in the proceedings leading to the pretended conveyance of title to the Wachholders.

The amended complaint alleges that the master's deed to the bank, the deed from the bank to the Wachholders and the trust deed from the Wachholders to the Loan Corporation, are clouds upon the plaintiffs' title to the westerly one-hundred feet of land described and should be removed, and title quieted and confirmed in the plaintiffs, or that, if it is determined that the Loan Corporation acted innocently with the Wachholders and the bank, then there should be an accounting as to the amounts equitably due to the defendants, and that the plaintiffs be permitted to redeem from the foreclosure instituted by the bank, and that the plaintiffs will pay to the defendants whatever amounts may be found to be equitably due; that the plaintiffs be held to be the owners of all the property first described, subject to the loan to the Wachholders. The prayer of the amended complaint was for relief to the effect just stated, and discovery was requested, in and by which the bank and Loan Corporation should disclose the payments of amounts paid to each of the mechanics' lien claimants, when and how paid, and the amounts disbursed of the $7250 loan.

The part of the amended complaint designated "amended complaint at law" adopted the first eleven paragraphs of the amended complaint in equity as allegations of the complaint at law, and alleged that, by reason of the fraudulent conspiracy of the bank and the Wachholders, the plaintiffs were damaged; that the plaintiffs claim title by warranty deed and are entitled to the possession of the land.

The substance of the motion of the bank is that the amended complaint contains no allegations sufficient for

the predication of fraud or that the defendants were under equitable or legal obligations to do the things set forth in the complaint, nor that the plaintiffs were deceived; that there was no allegation that the plaintiffs were in possession of the land or that it was vacant and unimproved, and that if any cause of action is stated it is barred by prior judgments obtained by the defendants against the plaintiffs.

The Loan Corporation filed a separate motion stating that the amended complaint purports to be a bill of review and was commenced more than two years subsequent to the date of the commencement of the foreclosure suits, (the dates of which are shown in the amended complaint,) and that the plaintiffs are barred by delay and *laches*. The substance of some of the grounds contained in the bank's motion is contained in the Loan Corporation's motion, and it is averred that many of the allegations in the amended complaint are merely conclusions, and that the amended complaint is uncertain and insufficient to disclose a cause of action either in equity or at law.

No evidence was heard. The only question presented is whether the amended complaint, either as a bill in the nature of a bill of review or as a combined complaint in equity and at law, is sufficient to require an answer. A motion to dismiss, like a demurrer, admits such facts as are directly alleged. A demurrer or motion to dismiss does not admit conclusions drawn by the pleader. (*Miller* v. *City of Chicago,* 348 Ill. 34; *Labadie* v. *Morris,* 303 id. 321.) The same rule is applicable to a bill of review. (*People* v. *Sterling,* 357 Ill. 354.) In a bill of review predicated upon fraud, the allegations must be sufficient to support the charge, and mere conclusions of the pleader are not sufficient. (*Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588; *Harrigan* v. *County of Peoria,* 262 id. 36.) If one or more claims, either in a complaint in equity or declaration at law, are good, a general demurrer or motion to dismiss will not be sustained. *Johnson* v. *Hefferan,* 365 Ill. 359; *People* v.

*Old Second Nat. Bank of Aurora,* 347 id. 640; *Haas* v. *Comrs. of Lincoln Park,* 339 id. 491; *Miller* v. *Hale,* 308 id. 275; *Knapp, Stout & Co.* v. *Ross,* 181 id. 392.

It is admitted that the amended complaint is, in part, in the nature of a bill of review. In order to grant relief under a complaint of this character on account of fraud it must show that the plaintiffs (the defendants in the foreclosure proceedings) were prevented in those proceedings from interposing a defense by fraud, and without any negligence or fault on the part of the plaintiffs. (*Regner* v. *Hoover,* 318 Ill. 169; *Knaus* v. *Chicago Title and Trust Co. supra.*) No facts were averred which would constitute fraud. The most direct of all the averments in the amended complaint was that the bank had falsely informed the plaintiffs that it had paid the mechanics' lien claims in full but that the claimants had received nothing from the bank. The plaintiffs, however, sought to require the bank as well as other defendants to disclose what amounts, if any, had been paid on the mechanics' liens and what other moneys had been disbursed. These are inconsistent averments. There was no written undertaking on the part of the bank to renew the loan of the plaintiffs and there is nothing to disclose an obligation on its part to do so. The allegations of fraud and conspiracy are almost wholly by way of conclusion. There are not sufficient facts directly alleged, and admitted by the motions, creating or disclosing rights which would entitle the plaintiffs to the equitable relief prayed. *Bohnert* v. *Ben Hur Life Ass'n,* 362 Ill. 403.

The allegations in that part of the amended complaint designated "amended complaint at law" are predicated upon the averments in the "amended complaint in equity," and, since those averments are insufficient to require an answer, the amended complaint at law is also insufficient for that purpose. It is unnecessary to discuss the question of *laches.*

The decree of the circuit court of Lake county is affirmed.

*Decree affirmed.*