People of the State of Illinois ex rel. Oscar Nelson, v. Joliet Trust and Savings Bank.
Otto C. Woerter, Successor Receiver, et al., Appellants, v. James C. Bell, County Treasurer of Will County, Appellee.

Gen. No. 9,722.

ary term, 1942. Heard in this court at the February term, 1942. Opinion filed May 14, 1942.

FRANK REID, JR., of Aurora, and FRANK J. JONES, of Joliet, for appellants.

JAMES E. BURKE, State's Attorney, for appellee; CHARLES H. BLIM and WALTER O. HERSCHBACH, both of Joliet, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

The successor receiver and a depositor's committee of the Joliet Trust and Savings Bank have appealed from a decree of the circuit court of Will county denying the prayer of their separate petitions to have declared null and void a written agreement made by the bank to segregate certain of its assets to secure the deposit of the county treasurer. The agreement was incorporated in and was the basis of a former order of the court in the receivership proceedings. The chancellor held the former order was *res adjudicata*.

The facts are not in dispute. On January 19, 1932, before the bank closed, appellee's predecessor, as

county treasurer, had $32,902.77 on deposit in the bank. On that day the bank executed and delivered to him a written agreement to segregate securities to, the amount of $35,000 to secure the deposit. The bank closed four days later, a receiver was appointed and on May 13th a decree was entered placing the bank in receivership. On December 5, 1932, the then receiver of the bank filed a petition, reciting the filing of a claim by the county treasurer as a preferred claim on the ground that the deposit was undistributed tax money. The petition also set out the segregation of the securities under the deposit agreement, a copy of which was attached, and prayed for directions by the court as to the allowance of the claim. On March 10, 1933, the court entered an order finding the filing of the claim as a preference on the ground that the fund was undistributed tax money, and that by stipulation the claim for preference was waived, and that it was further stipulated that the claim should be allowed as a common claim payable in due course of administration. The order then finds the facts as to the execution of the deposit agreement and the segregation of the securities in pursuance thereof. It allows the claim as a common claim, orders the securities be held by the receiver as collateral for its payment as intended by the agreement, and that all amounts received from such collateral be applied in reduction and payment of the claim as allowed. It was further ordered that the receiver pay such dividends applicable to the payment of the claim as might thereafter be declared in the receivership, together with the proceeds of the collateral, until the claim was fully paid; that thereafter, all remaining collateral should be general assets, not subject to the order; and that no part of the collateral should be sold for less than face value and accrued interest without the consent of the claimant. The order was entered prior to the holdings in *People*

*v. Wiersema State Bank,* 361 Ill. 75, and *City of Marion v. Sneeden,* 291 U. S. 262, 78 L. Ed. 787, to the effect that banks have no power to pledge assets to secure deposits, and that such agreements, being ultra vires, are void. The invalidity of the deposit agreement is not questioned by appellee. The receiver's petition to declare the deposit agreement void was filed November 8, 1935. The petition of the depositors' committee was filed March 4, 1941, the matter not having been acted upon meanwhile.

The parties agree that the order was a consent order. Appellant urges that such orders are not *res adjudicata.* We think he is correct in that contention. (*Wadhams v. Gay,* 73 Ill. 415.; *People v. Chicago, B. & Q. R. Co.,* 247 Ill. 340; *Green v. Hutsonville Township High School Dist. No. 201,* 356 Ill. 216.) The reason for such holdings is that in such cases the court does not exercise the judicial function of deciding the issues, but the entry of the judgment is merely an administrative act in recording the agreement of the parties.

While the relief sought in this case is in form by way of petition, it is manifest that the object of the receiver's petition is to procure the setting aside of the former order between the same parties (in their representative capacities) involving the same subject matter, and that the petition is intended to be and is in effect a bill in the nature of a bill of review. (*Knaus v. Chicago Title & Trust Co.,* 365 Ill. 588; *Schoknecht v. Prassas,* 320 Ill. 423.) The petition of the depositors' committee has the same object and expressly asks that the former order be set aside. In *People v. Wiersema State Bank, supra,* and *City of Marion v. Sneeden, supra,* the validity of the pledge agreement was assailed in an original proceeding in each case. There had been no prior consent order or any order of court concerning the agreement. It is apparent that for the court to grant the relief asked in the case at bar, it would be necessary to set aside the former order.

Hence, the question presented here was not at issue in either of those cases, and they have nothing to do with the question of setting aside a former consent order.

In *Bergman v. Rhodes,* 334 Ill. 137 at page 143 the court said: "A consent decree is not a judicial determination of the rights of the parties. It does not purport to represent the judgment of the court but merely records the agreement of the parties. A decree so entered by consent cannot be reviewed by appeal or writ of error. (*Paine v. Doughty,* 251 Ill. 396; *Galway v. Galway,* 231 id. 217.) It can only be set aside by an original bill in the nature of a bill of review. (*Hohenadel v. Steele,* 237 Ill. 229.)" (Like holdings are found in *Krieger v. Krieger,* 221 Ill. 479, and *Cohen v. Cohen,* 291 Ill. App. 39.) In *Knobloch v. Mueller,* 123 Ill. 554, 565, 566; *Cox v. Lynn,* 138 Ill. 195, 204, and *Flagler v. Crow,* 40 Ill. 414, it is held that a consent decree cannot be reversed, set aside or impeached by a bill of review or bill in the nature of a bill of review, except for fraud, unless it is shown that the consent was not in fact, given, or something was inserted as by consent that was not consented to. The opinions cite numerous authorities. The reason for the rule is that a party cannot complain of an error which he has himself induced the court to make. (*Smith v. Kimball* 128 Ill. 583; *Kellner v. Schmidt,* 328 Ill. 426.) No fraud or mistake is claimed in the case at bar. These holdings, we think, are sufficient to justify the denial of the petitions.

There is another reason why we think they were properly denied. The instant proceeding was not started until November 8, 1935, more than two and one-half years after the former order was entered. The relief sought is for an error of law apparent on the face of the record. In *Knaus v. Chicago Title & Trust Co., supra,* which is the most recent pronouncement of our Supreme Court upon the question, it is said at page 591: "The law is that a bill of review,

or a bill in the nature of a bill of review, can be brought only within the time allowed for perfecting an appeal or suing out a writ of error. (*Schoknecht v. Prassas, supra; Genz v. Genz,* 254 Ill. 161.) Section 117 of the Practice act of 1907, in force at the time the foreclosure decree was entered, limited the time within which a writ of error could be sued out to two years from the rendition of the decree. Section 76 of the Civil Practice act limits the time within which an appeal may be perfected, as a matter of right, to ninety days, and upon leave granted to one year after the rendition of the decree. . . . Irrespective of whether the old or the new Practice act applies, the motion to dismiss was properly sustained, because the complaint was not filed in the time required for bills of review.'' To the same effect is *Schoknecht v. Prassas, supra,* and cases therein cited.

Remembering that a bill in the nature of a bill of review is the only way in which the consent decree can be attacked, and treating the petitions here as such bills, if the chancellor arrived at the correct result, whether he adopted the right theory is immaterial. While the consent order was not *res adjudicata,* the time limited for questioning its validity had expired before the petitions were filed. In *O'Connell v. Chicago Park District,* 376 Ill. 550, where a void pledge of securities by a bank was involved, and there was an action to recover against the pledgee and others for conversion, and against the pledgee for money had and received, the court held that as the action was not commenced within five years after the date of the pledge, it was barred under the five-year statute of limitations. The situation here is analogous in that there was no proceeding to set aside the consent order within the time allowed by law.

Although we are not basing our decision upon the fact, it may be noticed in passing, that the consent order in this case may have been the inducement for

waiving the claim for preference which, so far as the record shows, may have been enforcible on account of the deposit being undistributed tax money. The decree denying the prayer of the several petitions is affirmed.

*Decree affirmed.*